UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROL WHYBLE, ANTHONY BROWN,
REBECCA CARRANZA, SUE DEMELE,
SHERRY GREENE, RENEE DANDALL,
BRENDA TUCKER, and CHARLES GEOFFREY
WOODS, *individually and on behalf of all others similarly situated*,

        Plaintiffs,

 -against-

THE NATURE'S BOUNTY'S CO.,

        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/05/2022

No. 20 Civ. 3257 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

  This case arises out of Defendant The Nature's Bounty's Co.'s alleged false statements about the health benefits of its Osteo Bi-Flex product line, which consists of joint health supplements containing glucosamine hydrochloride. Plaintiffs, alleged buyers from different states, commenced the instant action asserting common law claims for breach of warranty, unjust enrichment, negligent representation, and fraud, as well as claims for violations of the consumer protection statutes of Florida, Illinois, Massachusetts, New Jersey, New York, North Carolina, Texas, and Washington. Presently before the Court is Defendant's motion seeking to stay the case pending a decision by the Ninth Circuit in *Seegert v. Rexall Sundown, Inc.*, No. 20-55486—a case that Defendant contends significantly overlaps with the one here, or alternatively, to dismiss Plaintiffs' complaint for failure to state a claim. (ECF No. 25.) For the following reasons, the Court GRANTS Defendant's request to stay the case, and DENIES its request for dismissal without prejudice with leave to refile after the Ninth Circuit issues its opinion in *Seegert*.

**DISCUSSION**

By its motion, Defendant asks the Court to stay this action pending *Seegert* because that case and the instant one significantly overlap such that the Ninth Circuit's opinion may settle an issue of law bearing in the instant action. Specifically, Defendant argues that in *Seegert*, the same counsel challenges the same label statements on the same four products at issue here by relying on the same scientific studies. (ECF No. 26 at 15–18.) Alternatively, Defendant argues that dismissal is warranted because (a) the Federal Food, Drug, and Cosmetic Act ("FDCA") preempts Plaintiffs' claims, (*id.* at 19–22); or (b) Plaintiffs otherwise fail to state a claim, (*id.* at 22–34.)

In opposition, Plaintiffs contend that a stay is unwarranted because *Seegert* expressly relied on the preemption holding from the district court in *Kroessler v. CVS Health Corp.*, 387 F. Supp. 3d 1064 (S.D. Cal. 2019), which the Ninth Circuit later overturned, 977 F.3d 803 (9th Cir. 2020). (ECF No. 29 at 14 –16.) Simply put, Plaintiffs contend that the preemption issues on which Defendant relies have already been decided. (*Id.* at 10.) Further, Plaintiffs aver that Defendant's independent contentions on preemption and failure to state a claim in this case fare no better. (*Id.* at 10, 17–34.) Accordingly, the Court will address whether it should stay this action pending a decision by the Ninth Circuit in *Seegert* and will only consider the merits of Defendant's motion to dismiss if a stay is unwarranted.

   **I. Legal Standard**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Although a court 'is obligated to exercise its jurisdiction over cases before it, and to guide those cases toward as speedy and inexpensive a conclusion as is consistent with permitting claims to be heard fairly,' it has the discretion to grant a stay 'when a similar action is pending in another court' and 'where a higher

court is close to settling an issue of law bearing on the action.'" *Estate of Heiser v. Deutsche Bank Trust Co. Ams.*, No. 11 CIV. 1608, 2012 WL 5039065, at *5 (S.D.N.Y. Oct. 17, 2012) (quoting *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 n.39 (S.D.N.Y. 2005); *see also SST Glob. Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 455 (S.D.N.Y. 2003) (stay of a federal action is appropriate "in light of a concurrently pending federal action . . . either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law[.]").

Courts balance the following factors in deciding whether to grant a stay:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (quotation omitted). The movant "bears the burden of establishing its need" for such a stay. *Luv N' Care, Ltd. v. Regent Baby Prod. Corp.*, No. 10 CIV. 9492, 2014 WL 572524, at *2 (S.D.N.Y. Feb. 13, 2014) (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).

**II. Application**

After balancing the factors, the Court concludes that a stay is warranted here because (i) the facts and issues presented in this case significantly overlap with those in *Seegert*; and (ii) the Ninth Circuit "is close to settling an issue of law bearing on the [instant] action." *LaSala*, 399 F. Supp. 2d at 427 n.39.

To begin, given the significant overlap between the two actions, the Court finds that the interests of the courts, the public, and the individuals not parties to the civil litigation are best served by staying the case. Both actions involve allegations of the *same* alleged false statements (namely, the joint health benefits of glucosamine) provided by the *same* product line (Osteo Bi-

3

Flex). (*Compare* Am. Compl. ¶ 17, ECF No. 6 ("Defendant's Osteo Bi-Flex products at issue are: Osteo Bi-Flex One Per Day; Osteo Bi-Flex Triple Strength; Osteo Bi-Flex Triple Strength MSM; and Osteo Bi-Flex Triple Strength with Vitamin D.")) *with Seegert v. Rexall Sundown, Inc.*, 445 F. Supp. 3d 1149, 1150 n.1 (S.D. Cal. 2020) ("Defendant's glucosamine products at issue are sold under the 'Osteo Bi-Flex' brand name (collectively the 'Osteo Bi-Flex Products'): Osteo Bi-Flex One Per Day; Osteo Bi-Flex Triple Strength; Osteo Bi-Flex Triple Strength MSM; and Osteo Bi-Flex Triple Strength with Vitamin D."). Indeed, there is not dispute that the *Seegert* defendant is a subsidiary of Defendant in this case. (*See* Am. Compl. ¶ 56.)

Moreover, both actions involve *similar* claims under state consumer protection laws and the issue of under what circumstances such claims may be preempted by the *same* federal law—the FDCA. *Compare Seegert*, 445 F. Supp. 3d at 1151 n. 6 (observing that the California Unfair Competition Law, Consumers Legal Remedies Act, and False Advertising Law were "designed to protect consumers who are exposed to materially misleading package labeling and advertisements, and under the statutes, materiality is measured using objective criteria.") *with* (Am. Compl. ¶¶ 170, 181, 195, 206, 220–21, 230, 245, 261–62 (asserting similar claims under the Florida Deceptive and Unfair Trade Practices Act, Illinois Consumer Fraud and Deceptive Business Practices Act, Massachusetts Consumer Protection Act, New Jersey Consumer Fraud Act, New York General Business Law, North Carolina's Consumer Protection Statute, Texas Deceptive Trade Practices Act, and Washington Consumer Protection Act).)

As such, a stay here "best serve[s] the interests of the courts by promoting judicial efficiency and [those of the public and individuals not parties to the civil litigation by] 'minimiz[ing] the possibility of conflicts between different courts.'" *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (citation

4

omitted); *see also In re MPM Silicones, L.L.C.*, No. 15-cv-2280 (NSR), 2017 WL 4386378, at *2 (S.D.N.Y. Oct. 2, 2017) (staying action pending Second Circuit ruling on potentially dispositive issues).

Further, any delay pending the Ninth Circuit's *Seegert* opinion will not unduly prejudice either of the parties in this case. "To the contrary, the ruling[] of the [Ninth] Circuit may advance their interest[s] by providing the Court with guidance as to the quality, nature, and validity of [the] claims[.]" *In re MPM*, 2017 WL 4386378, at *2. Moreover, because "a stay will only temporarily delay proceedings[,]" and the central dispute in this action "is one of law, and not one that can be compromised by unavailable witnesses, fading memories, or lost documents, there will be little prejudice to [P]laintiffs" if a stay is granted. *Mount v. PulsePoint, Inc.*, No. 13 CIV. 6592 NRB, 2014 WL 902965, at *2 (S.D.N.Y. Mar. 5, 2014).

Finally, given the pending appeal, neither is it appropriate for the Court to rule on whether the Ninth Circuit's *Kroessler* opinion has effectively overturned the district court's preemption holding in *Seegert*; nor is it necessary under the circumstances. Notably, the *Seegert* parties (represented by the same counsel representing the parties here) have already completed their appellate briefing and the Ninth Circuit held oral argument on September 3, 2021. (*See Seegert v. Rexall Sundown, Inc.*, No. 20-55486, ECF No. 69 (9th Cir. Sept. 3, 2021).) In other words, as Defendant contends, had *Kroessler* effectively overturned *Seegert*, the Ninth Circuit could have summarily disposed of the appeal, obliviating the need for further proceedings. (*See* Reply at 6 n.1, ECF No. 33 (citing Ninth Cir. R. 3-6 ("Summary Disposition of Civil Appeals.")).) If anything, the record strongly indicates that an opinion by the Ninth Circuit in *Seegert* is imminent.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's request to stay this case pending a decision by the Ninth Circuit in *Seegert v. Rexall Sundown, Inc.*, No. 20-55486. The Court further DENIES Defendant's request for dismissal without prejudice with leave to refile after the Ninth Circuit issues its opinion in *Seegert*. The Clerk of Court is directed to terminate the motion at ECF No. 25.

Dated: January 5, 2022
       White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge